UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY D. HOUSE,
          Plaintiff,

v.

RACINE COUNTY, et al.,
          Defendants.

Case No. 15-cv-1528-pp

**ORDER DISMISSING COMPLAINT (DKT. NO. 1) AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

On December 21, 2015, the plaintiff (who is a former state inmate now on active community supervision, and who is proceeding without a lawyer) filed his complaint the current complaint. Dkt. No. 1. He also filed a motion asking the court to allow him to proceed *in forma pauperis*. Dkt. No. 2. The complaint alleges that the defendants violated his constitutional civil rights under the Sixth, Eighth and Fourteenth Amendments, when he was prosecuted and convicted in the late 1990s in Racine County Circuit Court for violating Wis. Stat. §948.03(2)(a) (physical abuse of children).

Three days before the plaintiff filed his complaint in this case, this court dismissed, pursuant to 28 U.S.C. §1915(e)(2)(B)(2), a substantially similar complaint he'd filed against all of the defendants named in the instant complaint along with the City of Racine (which is not named as a defendant here). House v. Ptacek, No. 15-cv-1308, Dkt. No. 8 at 1 (E.D. Wis. Dec. 18, 2015). The court dismissed that complaint because the plaintiff failed to state a

1

cognizable claim against any of the defendants under §1983. The plaintiff's complaint in this case fails to cure the deficiencies the court identified in the order dismissing the prior complaint, the court will dismiss this complaint. Like the complaint in case no. 15-cv-1308, this complaint fails to state a claim on which relief may be granted.

In the plaintiff's prior case, the court found that the plaintiff's claims against defendants Ptacek (the state court trial judge) and Harrison (the state prosecutor) were barred because (1) those defendants have absolute immunity from suit based on their official actions in the plaintiff's criminal case, and (2) because Wisconsin provides remedies under state law for malicious prosecution and abuse of process. Id. at 8-9. The court determined that the plaintiff's claims against his court-appointed defense attorney were not cognizable under §1983, because a public defender does not act under color of state law when representing an indigent defendant and, therefore, is not subject to suit under §1983. Id. at 10.

The court dismissed the plaintiff's §1983 claims against the City of Racine because (1) he failed to state a claim against an individual defendant employed by the City, and (2) he did not allege that the City has a policy or custom that proximately caused his alleged injuries. Id. at 11-12. The court dismissed Racine County as a defendant because (1) the plaintiff did not make any allegations of wrongdoing against the County in his complaint, (2) he failed to state a claim against an individual defendant employed by the County, and

2

(3) he did not allege that the County had a policy or custom that proximately caused his alleged injuries. Id. at 12.

Finally, the court explained in dismissing the prior case that the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct 2364 (1994) bars all of the plaintiff's §1983 claims, because his state court conviction has not been expunged or invalidated, and "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Id. at 13.

In his current complaint, the plaintiff appears to have added allegations in an attempt to fix the faults that the court found in his prior complaint. For example, he now alleges that Racine County has a custom or policy of appointing attorneys to represent indigent defendants, which he claims resulted in violations of his constitutional rights. Dkt. No. 1 at 3-5. He further alleges that the trial judge and state prosecutor acted without jurisdiction and outside of their authority, because the criminal complaint did not support the charge of intentional physical abuse of a child under Wis. Stat. §948.03(2)(a). Id. at 3-4.

Even taking the plaintiff's new allegations into account, the court finds that the complaint fails to state a claim against any of the defendants for which relief can be granted under §1983. The plaintiff's new claims against defendants Ptacek and Harrison—that Ptacek did not have the authority to preside over his case or to accept his guilty plea, and that Harrison did not have the authority to charge him or enter into a plea agreement with him—are

3

really challenges to the validity of his conviction. As the court explained in its prior dismissal order, the Supreme Court has held in <u>Heck</u> that a person cannot use a §1983 claim to challenge the validity of his conviction. And these new claims, like the prior ones, are barred by absolute immunity and because Wisconsin law provides remedies for malicious prosecution claims. Defendant Richards still is not subject to suit under §1983 because he was not a state actor, and §1983 provides only for claims against individuals acting "under color of law."

The plaintiff's new claim against Racine County states only that it had a "wide spread custom – policy of appointing indigent Defendant attorneys," which led to the appointment of defendant Richards. Dkt. No. 1 at 2. The plaintiff misunderstands the "custom/policy" doctrine. It is not enough that a government have a custom or policy. In order to prevail on a §1983 claim under the custom/policy doctrine, the plaintiff must show that the custom or policy itself violated constitutional rights. A county's custom and policy of appointing lawyers to represent people who can't afford them doesn't violate constitutional rights. In fact, it upholds a criminal defendant's Sixth Amendment right to be represented by counsel, as explained by the Supreme Court in <u>Gideon v. Wainright</u>, 372 U.S. 335 (1963). The plaintiff's real argument is against Attorney Richards; it is clear that he believes that Attorney Richards provided him with ineffective assistance of counsel. That is not a Racine County custom or policy; that is a claim against Attorney Richards.

And finally, none of the new claims change the fact that all of the plaintiff's claims are barred by Heck, because a judgment in his favor in this case would imply that his criminal conviction under Wis. Stat. §948.03(2)(a) is invalid. Accordingly, the court must dismiss the complaint under 28 U.S.C. §1915(e)(2)(B)(2).

The plaintiff strongly contends that there was no evidence to support either a charge or a conviction for intentional physical abuse of a child in his 1996 Racine County case. There *were* remedies available to the plaintiff for that contention. First, he had a right to appeal that conviction to a higher court. The Racine County court record indicates that the plaintiff was advised of his right to appeal on April 2, 1997, at the end of his sentencing hearing. In fact, he did file a notice of appeal on September 8, 1997, and then also filed motions for post-conviction relief. The appellate record shows that the plaintiff's appeals attorney filed a "no-merit" report in his appeal, and the court issued an order affirming the plaintiff's conviction on March 4, 1998. He was not successful on his post-conviction motions.

Another remedy available to the plaintiff was the federal writ of *habeas corpus*, available pursuant to 28 U.S.C. §2254. The plaintiff pursued this remedy as well; on December 18, 2007, he filed a petition in this district, in House v. State of Wisconsin, 07-cv-1123-RTR. Judge Rudolph Randa dismissed that petition on January 17, 2008, because the plaintiff did not sue the person who was holding him in custody, as required by the rules governing *habeas* petitions. Id. at Dkt. No. 3.

5

The court understands the plaintiff's frustration—he feels that he was charged with and convicted of a crime for which there was no supporting evidence, and that he was convinced to plead guilty to that offense even though he did not have full knowledge, comprehension and understanding of what he was doing. But the allegations the plaintiff has made in the two complaints he has filed with this court do no support relief under §1983; he either has sued people who are immune, or has sued people who aren't state actors, or has sued entities who can't be sued under §1983. And while §1983 provides a remedy for constitutional violations by individuals acting under color of state law, it does not provide a remedy for people arguing that they should not have been convicted because there wasn't enough evidence to prove them guilty.

Finally, with regard to the plaintiff's petition to proceed *in forma pauperis*:

As the court explained in the last case, in order to allow a plaintiff to proceed without paying the filing fee, the court must decide whether the plaintiff has the ability to pay the filing fee. 28U.S.C. §1915(a). In his affidavit requesting to proceed without paying the filing fee, the plaintiff indicates that he is single and unemployed. Dkt. No. 2 at 1. The affidavit does not identify any dependents that he is responsible for supporting. Id. For the past year, he lists no income other than $730 of Social Security disability payments (but it is not clear to the court whether that amount represents a monthly payment or a yearly total; the court assumes it is monthly). Id. at 2. He lists no expenses other than $650 per month in rent and $50 per month for cell phone service.

6

Id. He lists no assets other than a 1994 Mercury Marquis. Id. The court concludes from this information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee. The court will grant the plaintiff's motion to waive the filing fee (Dkt. No. 2).

For the reasons explained above, the court **ORDERS** that the complaint is **DISMISSED** under 28 U.S.C. §1915(e)(2) because it fails to state a claim on which relief can be granted.

The court **GRANTS** the plaintiff's motion to proceed *in forma pauperis*.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge